UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VAUGHN,<br><br>   Plaintiff,<br><br>  v.<br><br>COACH, INC.,<br><br>   Defendant. | Case No. 16-cv-04633-VC<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 59 |

  1. Martha Vaughn's motion for class certification is denied because she has not shown that common issues predominate over individual issues, as she must under Rule 23(b)(3). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

  In this suit, Vaughn alleges that store managers at Coach stores in California were improperly denied a number of state wage-and-hour protections, including overtime compensation and meal and rest breaks. Coach argues it was not required to provide these protections, because its store managers are exempt executive employees under California law. Both sides agree that Vaughn and other store managers did some managerial work. But Vaughn argues that managerial work never constituted more than half of her and other store managers' work, as it must to be considered an executive employee under California law.

  The key issue for each purported class member's claim is whether that class member spent more than half of her time engaged in managerial work. *See* Cal. Labor Code § 515(e); Cal. Code Regs. tit. 8, § 11070 subsec. 1(A)(1)(e). This question, in turn, involves three main inquiries: (1) what tasks did the store manager perform; (2) were these tasks managerial; and (3) how much time did the manager spend on managerial and non-managerial tasks. *Cf. Vinole v.*

*Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009).

Vaughn has not established that these questions can be adjudicated on a class-wide basis. And the record suggests that at least the third inquiry could require individualized proof. Though the proposed class members share the same title, how store managers spend their time varies substantially. In part, this variation flows from Coach's decision to give store managers discretion in how to spend their time. In part, store managers' actual work varies because they do not work in a standardized setting. Coach has store manager-led stores in California that generate less than $500,000 in annual revenue, and it has store manager-led stores in the state that generate around $20 million in annual revenue.[1] *See* Dkt. No. 63-16, Gill Decl. ¶ 3. In a small store, a store manager may supervise a total staff of around 7; in a larger store, a store manager could work with around 10 associate and assistant managers, and in total supervise over 30 employees. *See* Dkt. No. 63-10, Aguilera Decl. ¶ 3; Dkt. No. 63-12, Dera Decl. ¶ 2; *see also* Dkt. No. 63-18, Monroy Decl. ¶¶ 2-3; Dkt. No. 63-20, Velez Decl. ¶¶ 3, 7-14.

Because Vaughn has failed to establish predominance, the Court declines to address the remaining requirements for class certification at this time. *See Kowalsky v. Hewlett-Packard Co.*, No. 10-CV-02176-LHK, 2012 WL 892427, at *8 (N.D. Cal. Mar. 14, 2012).

2. Denial of the motion is without prejudice. Under these circumstances, it is reasonable to give Vaughn another chance to move for class certification because there is a reasonable possibility that Vaughn could establish predominance in a subsequent motion. *Cf. id.*

Although Vaughn has not made the required showing in this motion, it appears possible that both the inquiry into what tasks store managers in fact perform and the inquiry into whether these tasks are managerial as a matter of law could be litigated on a class-wide basis. For example, it seems that the question of whether a store manager is engaged in managerial work while participating in sales to customers can be adjudicated as to all class members "in one

---

[1] Some Coach stores – apparently stores with higher revenues – also have a general manager. *See* Dkt. No. 63-9, Stankard Decl. ¶¶ 2-3; *see also* Aguilera Decl. ¶ 2. The proposed class excludes store managers who worked under a general manager. Dkt. No. 60-4, Mot. at 3.

stroke." *Dukes*, 564 U.S. at 350; *see* 29 C.F.R. 541.108 (2000); Cal. Code Regs. tit. 8, § 11070 subsec. 1(A)(1)(e). This alone may be enough to satisfy predominance, given that a key dispute for all of the claims appears to be whether the time store managers spent on the selling floor should be considered exempt time. *Cf. Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). And it is possible that the timekeeping records Coach has maintained for store managers at stores outside of California could be used as common proof for establishing how store managers at stores inside California spent their time. Because Coach did not keep similar records for store managers in California (for the purpose, according to Vaughn, of evading California's more stringent protections against improper classification of employees), the out-of-state records may be the best evidence on this issue. For example, this evidence may show that despite the discretion store managers are given, store managers – or store managers from a particular subset of stores – spent at least 50 percent of their time on a set of managerial (or non-managerial) tasks. Yet these timekeeping records have not been provided by Coach (and apparently not meaningfully sought by Vaughn) in discovery.

**IT IS SO ORDERED.**

Dated: May 8, 2018

VINCE CHHABRIA
United States District Judge